IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---

|  |  |  |
|---|---|---|
| GARY WADE WILLIAMS, #133 760 WA#938 038 | * | |
| Petitioner, | * | |
| v. | * | 2:05-CV-864-ID (WO) |
| MAGGIE MILLER-STOUT, *et al*., | * | |
| Respondents. | * | |

---

**ORDER ON MOTION**

Before the court is Petitioner's Motion to Transfer.  He requests that the instant petition be transferred to the United States District Court for the Eastern District of Washington.  Petitioner cites *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) in support of his motion.

Petitioner filed the present 28 U.S.C. § 2241 motion naming as Respondents Maggie Miller-Stout, the Superintendent of the Airway Heights Corrections Center where Petitioner is currently confined, and the Alabama Board of Pardons and Paroles.[1] In his habeas petition, Petitioner asserts due process challenges in regard to a decision by the Alabama Board of Pardons and Paroles to rescind a parole release date.[2]

---

[1]The Airway Heights Correction Center is located in Airway Heights, Washington.

[2]Although Petitioner is currently incarcerated in a prison located in the State of Washington pursuant to an interstate compact between the State of Washington and the State of Alabama, he remains under the custody and control of the Alabama Department of Corrections.

The Supreme Court has made clear that habeas corpus jurisdiction does not depend solely on a petitioner's physical presence within the jurisdiction.  *Braden v. 30th Judicial Circuit,* 410 U.S. 484 (1973).  The person named as "custodian" in a habeas corpus petition and the place of a petitioner's "custody" are not always subject to a literal interpretation.  *Id*.

  In *Braden* an Alabama prisoner challenged Kentucky's lodging of a detainer against him. While the precise issue before the court was the choice of forum for a prisoner challenging an interstate detainer by way of federal habeas corpus, the Court addressed the issue of petitioner's "custodian" by implication in holding that the prisoner should proceed in Kentucky. "In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer." *Id.* at 498-99. *See also McCoy v. United States Bd. of Parole,* 537 F.2d 962, 964, 965-67 (8th Cir. 1976) (holding that jurisdiction under § 2241 "lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present").

While Superintendent Miller-Stout cannot necessarily be said to be indifferent to the resolution of Petitioner's challenge, only in the most formal sense does she control whether he is released. Rather, just as Kentucky controlled the duration of confinement in *Braden* and Alabama merely acted as Kentucky's agent, so does the Alabama Board of Pardons and Parole directly control whether Petitioner remains in custody.  The Court's decision in *Padilla* does not alter this determination.

In light of the foregoing, and for good cause, it is

2

ORDERED that Petitioner's Motion to Transfer (Doc. No. 39) be and is hereby DENIED.

DONE, this 2nd day of November, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE